IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

SECURITIES AND EXCHANGE COMMISSION, )
)
        Plaintiff, )
)
v. ) 1:15CV1068
)
CAUSWAVE, et al., )
)
        Defendants. )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on Plaintiff Securities and Exchange Commission's ("SEC") Motion for Entry of Default and Default Judgment [Doc. #36] and Motion for Leave to Seek Order for Clerk's Entry of Default against Defendant Causwave, Inc. and Defendant Jeffrey L. Riggs [Doc. #42].

In this case, Plaintiff SEC filed a Complaint for injunctive and other relief against Defendants Causwave, Inc. ("Causwave"), Jeffrey L. Riggs ("Riggs"), and Diane R. Baldwin ("Baldwin"), alleging that Defendants fraudulently sold securities of Causwave and raised over $6 million in violation of the Securities Act of 1933, the Securities Exchange Act of 1934, and Rule 10b-5 (17 C.F.R. § 240.10b-5). (Complaint [Doc. #1].) This Court has jurisdiction over the subject matter of the action pursuant to 15 U.S.C. §§ 77t(b) and 77v(a), 15 U.S.C. §§ 78u(d) and 78aa(a), and 28 U.S.C. § 1331. Each Defendant executed a waiver of service, with Defendant Riggs executing the waiver of service for Defendant Causwave as its President and CEO. All of the Defendants filed an Answer [Doc. #12] to the Complaint through counsel.

On May 10, 2016, counsel for Defendants, David Smyth, filed a Motion to Withdraw as Counsel for Defendant Riggs and Defendant Causwave because Defendant Riggs, on behalf of himself and Causwave, had terminated counsel from representation in this matter. (Motion [Doc. #17].) The Court granted counsel's Motion to Withdraw by Order entered on May 20, 2016, but noted that Defendant Causwave "would be subject to default on the claims asserted against it if it fails to retain counsel" because a corporation could not proceed *pro se* and could only appear through counsel. (Order [Doc. #18] at 2.) The Court also stayed pretrial proceedings for 30 days to allow Defendants Riggs and Causwave to hire new counsel or for Defendant Riggs to elect to proceed *pro se*, and extended discovery deadlines. Defendant Causwave failed to retain counsel and failed to participate in discovery. Plaintiff SEC subsequently filed a Motion to Compel based on the failure of Defendants Causwave and Riggs to respond to discovery requests. On January 6, 2017, the Court granted the Motion to Compel Discovery against Defendants Causwave and Riggs after finding that they had failed to respond to Plaintiff's interrogatories and failed to comply with their discovery obligations under the Federal Rules of Civil Procedure. (Order [Doc. #39].) No counsel has filed a notice of appearance on behalf of Defendant Causwave.

Defendant Causwave has been without representation of counsel in this action since the Court's Order of May 20, 2016, allowing Counsel Smyth to withdraw. The Court specifically warned Defendants Riggs and Causwave in that Order that Defendant Causwave would be subject to default if it failed to hire new counsel. The Court allowed Defendant 30 days to employ new counsel, but over eight months have passed without new counsel entering an

-2-

appearance. Defendant Causwave has put itself in jeopardy of having a default judgment entered against it by failing to hire counsel to represent it. See Allied Colloids, Inc. v. Jadair, Inc., 139 F.3d 887, 1998 WL 112719 (4th Cir. 1998) (unpublished) (affirming district court's entry of default judgment against defendant corporation for failure to hire counsel to represent it). The case cannot effectively proceed without the appearance of counsel for Causwave, and Causwave has essentially delayed this case for several months by failing to retain counsel. In the circumstances, it appears that entry of default would be appropriate. See Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912, 917 (3d Cir. 1992); Shapiro, Bernstein & Co. v. Continental Record Co., 386 F.2d 426 (2nd Cir. 1967); Christa Constr., LLC v. Connelly Drywall, LLC, 879 F. Supp. 2d 389, 391 (W.D.N.Y. 2012); Rhino Assocs., L.P. v. Berg Mfg. and Sales Corp., 531 F. Supp. 2d 652, 656 (M.D. Pa. 2007). Therefore, the Court will recommend that the Answer be stricken as to Defendant Causwave, and that an entry of default against Defendant Causwave be entered by the Clerk. See Kapusta v. Wings, Etc., LLC, No. 2:10-1388, 2011 WL 1883033 (D.S.C. Apr. 15, 2011) (adopting such a procedure in a similar scenario). Plaintiff may then proceed with a Motion for Default Judgment pursuant to Rule 55(b)(2).[1]

In addition, as noted above, Plaintiff has also filed a filed a second Motion for Entry of Default [Doc. #42] as to both Defendant Causwave and Defendant Riggs. However, that Motion is based on Defendant Causwave's and Defendant Riggs' failure to comply with this

---

[1] If Plaintiff files such a Motion, the Court can consider the relevant factors and can set the matter for a hearing pursuant to Rule 55(b)(2). The Court can also consider whether any default judgment against Causwave should more appropriately await the conclusion of the proceedings against the remaining Defendants. See, e.g., Hunt v. Inter-Globe Energy, Inc., 770 F.2d 145 (10th Cir. 1985); United States v. Peerless Ins. Co., 374 F.2d 942 (4th Cir. 1967).

Court's prior discovery order.[2] Such a request is more appropriately considered as a motion for sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2)(A), rather than Rule 55.[3] Therefore, the second Motion for Entry of Default will be denied without prejudice to Plaintiff filing a request for sanctions pursuant to Rule 37, addressing all of the relevant factors for further consideration and findings by the Court.

Finally, the Court notes that Plaintiff and Defendant Baldwin have filed a Joint Motion [Doc. #43] for an extension of time to complete discovery. The Court will allow the request, and the discovery deadlines will be reset as follows: the deadline for the close of fact discovery will be June 16, 2017; expert reports and disclosures will be due June 30, 2017, responsive reports will be due August 14, 2017, and expert discovery will close September 29, 2017. The case will remain on the April 2018 trial calendar.

IT IS THEREFORE RECOMMENDED that Plaintiff's first Motion for Entry of Default [Doc. #36] be GRANTED to the extent that the Answer be stricken as to Defendant Causwave and the Clerk be directed to enter default against Defendant Causwave.

IT IS ORDERED that Plaintiff's Second Motion for Entry of Default [Doc. #42] is DENIED without prejudice to Plaintiff filing a request for sanctions pursuant to Federal Rule of Civil Procedure 37.

---

[2] Defendant Riggs filed a document [Doc. #40] objecting to entry of that discovery Order and noting that he did not consent to Magistrate Judge jurisdiction. However, the matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) for entry of pre-trial orders, including discovery matters, which would not require consent of the parties.

[3] The Court also notes that unlike Defendant Causwave, Defendant Riggs may proceed *pro se*. However, Defendant Riggs may be subject to sanctions under Rule 37 even if he is not subject to default under Rule 55.

FINALLY, IT IS ORDERED that the Joint Motion [Doc. #43] for an extension of time to complete discovery is GRANTED, and the discovery deadlines are reset as follows: the deadline for the close of fact discovery is June 16, 2017; expert reports and disclosures are due June 30, 2017, responsive reports are due August 14, 2017, and expert discovery closes September 29, 2017. The case remains on the April 2018 trial calendar.

This, the 6th day of April, 2017.

/s/ Joi Elizabeth Peake
United States Magistrate Judge

-5-

Case 1:15-cv-01068-NCT-JEP   Document 45   Filed 04/06/17   Page 5 of 5