# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:15CV1068 |
| CAUSWAVE, INC., JEFFREY L. RIGGS, and DIANE R. BALDWIN, | ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER

In response to Plaintiff Securities and Exchange Commission's ("SEC") motion for entry of default and default judgment against Defendant CAUSwave, Inc. ("CAUSwave") ("first motion") [Doc. #36] and the SEC's motion for leave for the Clerk to enter default against CAUSwave and Defendant Jeffrey L. Riggs ("second motion") [Doc. #42], the Order and Recommendation of the United States Magistrate Judge [Doc. 45] was filed and served on the parties on April 6, 2017, in accordance with 28 U.S.C. § 636(b).  As for the first motion, the Magistrate Judge recommended striking the Answer as to CAUSwave and ordering the Clerk to enter default against CAUSwave. (Order and Recommendation at 3.) CAUSwave did not object. (See generally Docket.)  The Court finds no clear error with the Magistrate Judge's recommendation as to the SEC's first motion, and it is hereby adopted.

The Magistrate Judge then ordered that the SEC's second motion be denied without prejudice to the SEC's filing a request for sanctions pursuant to Federal Rule of Civil Procedure 37. (Order and Recommendation at 4.)  Neither the SEC nor CAUSwave objected, but Riggs filed a document entitled, "Affidavit in Rejection of 'Order & Recommendation of United States Magistrate Judge Joi Elizabeth Peake['] Made on April 6, 2017 as Unconstitutional & Violative of Established Law and Precedent Documented Below", [Doc. #48].

Citing 28 U.S.C. § 636(c)(1), Riggs argues that the Magistrate Judge lacked jurisdiction to enter her order because he did not consent to her authority to do so. While Riggs correctly recognizes that section 636(c)(1) requires the consent of the parties, that section is applicable to a Magistrate Judge's presiding over civil trials, not the matter presently before the Court.  Instead, 28 U.S.C. § 636(b)(1)(A) applies here.  The Court's Local Rule 72.1(a)(1) authorizes and designates Magistrate Judges "to exercise the powers and authority and to perform the duties enumerated in 28 U.S.C. §§ 636(b)(1) and (2)."  The powers, authority, and duties enumerated in section 636(b)(1) include hearing and determining "any pretrial matter pending before the court" with certain exceptions not applicable here.  The SEC's second motion is, as the Magistrate Judge recognized, based on CAUSwave's and Riggs' failure to comply with the Court's earlier discovery order, and, according to the Magistrate Judge, more appropriately addressed in a motion for sanctions under the discovery rules.  Determining discovery matters and ordering the denial of the SEC's second motion are actions well within the

Magistrate Judge's jurisdiction under 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.1(a)(1).  Riggs' having made no other objections to the Magistrate Judge's order and the order not being clearly erroneous or contrary to law, the Court affirms the Magistrate Judge's order.

For the reasons explained herein, the Magistrate Judge's Order and Recommendation is adopted as to the SEC's first motion and affirmed as to the SEC's second motion.  IT IS HEREBY ORDERED that Plaintiff's Motion for Entry of Default and Default Judgment [Doc. #36] is GRANTED IN PART to the extent that the Answer is struck as to CAUSwave, Inc. and the Clerk is directed to enter default against CAUSwave, Inc., and it is DENIED IN PART without prejudice to the extent that it seeks a show cause order as to default judgment against CAUSwave, Inc.

This the 6th day of July, 2017.

/s/ N. Carlton Tilley, Jr.
Senior United States District Judge