IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

SECURITIES AND EXCHANGE )
COMMISSION, )
 )
         Plaintiff, )
  v. ) 1:15CV1068
 )
CAUSEWAVE, et al., )
 )
         Defendants. )

<u>ORDER AND RECOMMENDATION</u>
<u>OF UNITED STATES MAGISTRATE JUDGE</u>

This matter is before the Court on a Motion for Sanctions [Doc. #47] filed by Plaintiff Securities and Exchange Commission ("SEC") requesting sanctions against Defendant Jeffrey L. Riggs ("Riggs") based on a pattern of delay and non-compliance with discovery and failure to comply with this Court's January 16, 2017 discovery order. In the Motion for Sanctions, Plaintiff requests an order striking Riggs' Answer and the entry of default against him. For the reasons set out below, the Court will recommend that the Motion for Sanctions be granted.

In the Complaint in this case, Plaintiff SEC requests injunctive relief, disgorgement, and penalties against Defendant Riggs, Defendant Diane R. Baldwin, and Defendant Causewave, Inc. ("Causewave"), alleging that Defendants fraudulently sold securities of Causewave in violation of federal securities laws. Defendants Riggs, Causewave and Baldwin, together, filed an Answer [Doc. #12] on February 15, 2016, through their counsel. On May 10, 2016, Riggs and Causewave terminated their counsel and neither has retained new counsel. Riggs subsequently attempted to file a new *pro se* Answer [Doc. #16], since stricken, asserting a frivolous counterclaim. On May 20, 2016, the Court stayed all pretrial obligations for 30

days to allow Riggs and Causewave to hire new counsel. Plaintiff SEC then served Riggs with interrogatories on July 5, 2016. (See Declaration of Paul Kim [Doc. #47-1] ¶ 4.) On August 4, 2016, Riggs sent a Letter to Plaintiff SEC, requesting a 30 day extension for both himself and Causewave to respond to discovery, explaining that he had not yet retained new counsel. On September 30, 2016, Plaintiff SEC emailed Riggs to schedule a meet and confer due to his failure to respond to discovery. Riggs wrote back the same day explaining that the delays were due to lack of counsel and he was "hesitant to provide information or take action without legal advice." (Id. ¶ 6.) On October 4, 2016, Plaintiff SEC again inquired about the overdue discovery responses and was advised by Riggs that he would provide responses after retaining counsel and that he anticipated retaining counsel within 30 days. (Id. ¶ 8.) Plaintiff followed-up with Riggs on four more occasions, by email and telephone, in October and November 2016, and either received no response or was advised that discovery responses would not be forthcoming until Riggs retained counsel. (Id. ¶¶ 9-12.) On November 16, 2016, Plaintiff filed a Motion to Compel [Doc. #35], which the Court granted by Order [Doc. #39] dated January 6, 2017. The Court ordered Riggs to respond to interrogatories by January 17, 2017, and warned that the failure to comply:

> MAY RESULT IN SANCTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 37(b)(2), INCLUDING THE POTENTIAL ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANTS CAUSEWAVE, INC. AND JEFFREY L. RIGGS.

Defendant Riggs subsequently filed an "Affidavit" [Doc. #40], contesting the Court's authority because he had not consented to the jurisdiction of a magistrate judge. Defendant Riggs also asserted that Plaintiff SEC "SEEMS TO HAVE A DUBIOUS OR ANOMALOUS PERSONALITY," and Defendant Riggs stated that he was not "subject to the command of

2

A FICTION MADE OUT OF THE THIN AIR." (Affidavit [Doc. #40].) On February 13, 2017, Plaintiff filed a Motion [Doc. #42] requesting the entry of default against Riggs and Causewave. In an April 6, 2017 Order and Recommendation, the Court recommended entry of default as to Causewave based on Causewave's failure to appear through counsel. Because Defendant Riggs had filed an Answer and could proceed *pro se*, the Court recommended that the request for entry of default be denied as to Defendant Riggs "without prejudice to Plaintiff filing a request for sanctions pursuant to Federal Rule of Civil Procedure 37." In Response, Defendant Riggs submitted another "Affidavit" [Doc. #48], contending that the Court's orders were void because he had not consented to the jurisdiction of a magistrate judge. Plaintiff SEC then filed the present Motion seeking sanctions against Defendant Riggs, requesting the striking of his Answer and imposition of default judgment based on his refusal to comply with his discovery obligations. Defendant Riggs again filed an "Affidavit" [Doc. #50] contesting the Court's authority. Defendant Riggs' contentions were considered as Objections and were overruled by the District Judge by Order [Doc. #52] entered on July 6, 2017.[1] Defendant Riggs nevertheless continued to ignore his obligation to respond to Plaintiff's interrogatories and continued to refuse to comply with the Court's prior discovery Order.

Sanctions for a party's failure to observe discovery orders are governed by Rule 37(b)(2) of the Federal Rules of Civil Procedure. Daye v. General Motors Corp., 172 F.R.D. 173, 176 (M.D.N.C. 1997). The Rule provides:

---

[1] As noted in the Order [Doc. #52] overruling Riggs' Objections, the matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) for entry of pre-trial orders, including discovery matters, which would not require consent of the parties.
3

> If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> > (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> >
> > (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> >
> > (iii) striking pleadings in whole or in part;
> >
> > (iv) staying further proceedings until the order is obeyed;
> >
> > (v) dismissing the action or proceeding in whole or in part; [or]
> >
> > (vi) rendering a default judgment against the disobedient party;
> >
> > ….

Fed. R. Civ. P. 37(b)(2). These sanctions are also available as a discovery sanction for failing to respond to interrogatories or requests for production of documents. Fed. R. Civ. P. 37(d)(1)(A). The imposition of sanctions lies within the sound discretion of the trial court. Hathcock v. Navistar Int'l Transp. Corp., 53 F.3d 36, 40 (4th Cir. 1995). However, when the most severe sanctions are contemplated, "the district court's range of discretion is more narrow because the district court's desire to enforce discovery is confronted head-on by the party's rights to a trial by jury and a fair day in court." Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc., 872 F.2d 88, 92 (4th Cir. 1989) (internal quotation omitted). Balancing these competing interests "require[s] the application of a four-part test: (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions." Id. (internal citation omitted). The application of

the four-part test "will insure that only the most flagrant case, where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules, will result in the extreme sanction of dismissal or judgment by default . . . In such cases, not only does the noncomplying party jeopardize his or her adversary's case by such indifference, but to ignore such bold challenges to the district court's power would encourage other litigants to flirt with similar misconduct." Id. (internal citation omitted). In this case, the application of these factors favors the striking of Riggs' Answer and the rendering of a default judgment against Defendant Riggs.

With respect to the first factor, the Court finds that Defendant Riggs' actions reflect bad faith. In this case, Riggs is alleged to have participated in the fraudulent sale of securities, and Plaintiff is requesting an order enjoining Riggs from violating federal securities laws, disgorgement, and penalties. (See Complaint [Doc. #1] at 23-24.) Apart from filing an Answer and a Rule 26(f) report, both prepared by his then-counsel in February and March 2016, Riggs has delayed and obstructed. For example, in May 2016, Riggs purported to file a second "Answer" along with a "Counterclaim" [Doc. #16] which contained a rambling series of assertions and demands, including that this action be "abated," and which challenged the refusal of the SEC to reveal "its true biological nature and personality" and denied that Plaintiff "is the lawful true damaged human." Riggs demanded restitution and a "restoration of the status quo." Since that filing, Riggs has refused to meaningfully participate in this case, has ignored his discovery obligations, and has repeatedly challenged the authority of the Court to manage this case. Riggs was specifically warned that failing to comply with his discovery obligations could result in entry of default judgment against him, but has still failed to respond.

The Court finds that Riggs' efforts to delay and frustrate this proceeding, with no apparent end in sight, his failure to take his discovery obligations seriously, his flagrant violation of a Court Order, and his frivolous challenges to the ability of the Court to manage this case, together, constitute evidence of Riggs' bad faith.

The second factor involves assessing the prejudice to Plaintiff. In this case, Plaintiff's interrogatories ask Riggs to identify his financial accounts (Interrogatory No. 1), money or items of value transferred to/from Causewave (Interrogatory Nos. 2 and 3), transactions with investors or prospective investors of Causewave (Interrogatory No. 4), and communications with investors or prospective investors relating to a September 2014 Investor Update (Interrogatory No. 5). These interrogatories are particularly important because the Complaint alleges that Riggs diverted significant investor funds to himself (Complaint [Doc. #1] ¶ 5), that he solicited investments by means of misrepresenting information to investors (id. ¶¶ 2, 22-33), and that he attracted investors by sending fraudulent "Investor Updates" (id. ¶¶ 10, 24-33). Riggs failure to respond greatly prejudices Plaintiff's ability to prosecute the serious claims presented. Indeed, as noted in Plaintiff's Motion for Sanctions, Riggs' discovery conduct has made the prosecution of this case practically impossible.

The third factor is the need for deterrence. Riggs' "stalwart refusal to participate in this litigation or respond [to discovery] embodies a particularly troublesome form of noncompliance with a discovery order. By refusing to participate or respond, [Defendant] intentionally delays the swift administration of justice, and the Court must deter such activity." United States v. $43,660.00 in U.S. Currency, No. 1:15CV208, 2016 WL 527065, at *2 (M.D.N.C. Feb. 9, 2016). The Court has already stayed this action to permit Riggs and

6

Case 1:15-cv-01068-NCT-JEP   Document 56   Filed 11/13/17   Page 6 of 8

Causewave to retain new counsel. Riggs has been without counsel for more than one year, and his efforts to continue to delay cannot be condoned in light of the Court's need to manage its docket, in light of the serious allegations pled, and the need to deter future disrespect for the judicial system. See Mut. Fed. Sav. & Loan Ass'n, 872 F.2d at 93. The Court therefore finds that the need for deterrence is strong.

Finally, the Court has considered less drastic alternatives. However, given the seriousness of the allegations pled in the complaint, Riggs' frivolous contentions throughout, his complete refusal to comply with discovery obligations for well over one year despite being advised of the consequences for doing so, and the multiple opportunities previously given to retain counsel and comply with discovery, the Court sees no viable alternative to addressing Riggs' obstructionist behavior. See id.

The Court notes that Plaintiff SEC has also filed a Motion for extension of the discovery period, which the Court will allow to the extent any other matters remain for discovery as to any remaining party.

IT IS THEREFORE RECOMMENDED that Plaintiff's Motion [Doc. #47] for discovery sanctions be GRANTED, that the portion of the Answer [Doc. #12] that constitutes Defendant Jeffrey L. Riggs' Answer be deemed stricken, and that default judgment be entered against Defendant Jeffrey L. Riggs as a sanction under Fed. R. Civ. P. 37(b)(2) and 37(d)(1) for his willful failure to respond to interrogatories, refusal to participate in discovery, and refusal to comply with the Court's discovery Order.

IT IS ORDERED that Plaintiff's Motion [Doc. #54] to extend all discovery deadlines is GRANTED, the case is continued from the April 2018 Trial Calendar, and the Court will

consider the need for additional discovery as to any remaining party after the resolution of Plaintiff's present Motion for Sanctions.

This, the 13th day of November, 2017.

/s/ Joi Elizabeth Peake  
United States Magistrate Judge